FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LUIS EMILIO DIEGO-NOLASCO, a.k.a Luis Emilio Mateo-Nolasco, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72097 <br><br> Agency No. A089-267-776 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Luis Emilio Diego-Nolasco, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Diego-Nolasco failed to demonstrate changed or extraordinary circumstances to excuse the untimely filing of his asylum application beyond the one-year deadline. *See* 8 C.F.R. §§ 1208.4(a)(4),(5). Accordingly, we deny the petition as to Mateo-Nolasco's asylum claim.

Substantial evidence also supports the agency's adverse credibility determination based on inconsistencies between Diego-Nolasco's testimony and his declaration, and between his testimony and his wife's testimony, as to whether associates of his attacker were looking for him or his wife while she was hiding at his brother's house. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (the agency may consider inconsistencies between different witnesses and documentary evidence when making credibility determinations); *Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under REAL ID Act's "totality of the circumstances"). In the absence of credible testimony, Diego-Nolasco's

10-72097

withholding of removal claim fails.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Diego-Nolasco's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the finding that it is more likely than not that he will be tortured if returned to Guatemala, his CAT claim also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**